**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FIKE CORPORATION,** a Missouri Corporation, | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 06-CV-0306-CVE-SAJ |
| **BS&B SAFETY SYSTEMS, L.L.C.,** a Delaware Limited Liability Company, | ) ) ) ) |
| **Defendant.** | ) ) |

**OPINION AND ORDER**

On October 19, 2006, the Court held a status conference and directed plaintiff Fike Corporation ("Fike") to file a notice of current knowledge of infringement delineating the basis of the complaint. Dkt. # 41. Fike filed this notice on October 30, 2006. Dkt. # 46. On November 1, 2006, defendant BS&B Safety Systems, L.L.C. ("BS&B") filed a Motion for Expedited Telephone Conference Regarding Plaintiff's Deficient Notice or Current Knowledge of Infringement (Dkt. # 48). BS&B claims that "Fike wholly fails to provide information to put BS&B and this Court on notice of the factual basis for its infringement claims." Dkt. # 48, at 3. BS&B requests that the Court grant an expedited telephone conference and order Fike to supplement its notice with a more definite and certain statement. Id., at 4.

In Fike's notice of current knowledge of infringement, Fike appropriately set forth a description of the allegedly infringing devices as well as the specific claims of each patent which the devices allegedly infringe. Specifically, Fike provides BS&B with notice that the well testing system product designated SMRB allegedly constitutes literal infringement, or infringement under the doctrine of equivalents, of claim 8 and claim 14 of U.S. Patent No., 5,996,696 ('696 Patent).

Dkt. # 46, ¶¶ 1, 2. Fike also alleges that the hydraulic tube drain product designated SMRB-X constitutes literal infringement, or infringement under the doctrine of equivalents, of claims 1, 3-5, 7-13, and 15 of U.S. Patent No. 6,752,212 ('212 Patent) . Id., ¶¶ 3, 4. BS&B claims that Fike "violated the letter and spirit of the Court's Order [by] improperly broadening the legal issues with no factual support." Dkt. # 48, at 2. BS&B continues, "Infringement under the doctrine of equivalents was understood to be at issue before the Court, while literal infringement was understood not to be at issue." Id. The Court disagrees with BS&B that literal infringement was understood not to be at issue. On the contrary, the Court understood that Fike alleges literal infringement, or in the alternative, infringement under the doctrine of equivalents. Fike certainly can bring a claim for literal infringement, as was implied in the original complaint. See Dkt. ¶¶ 8, 13. Thus, Fike's reference to literal infringement in the notice of current knowledge of infringement is unproblematic.

However, the Court agrees with BS&B that Fike's notice of current knowledge of infringement is vague and does not provide sufficient information regarding the alleged infringement of the '696 and '212 Patents. The purpose of the notice of current knowledge of infringement was not only to set forth the specific claims of the patents that BS&B allegedly infringed, but also to explain how the patents were infringed, both under the theory of literal infringement and the doctrine of equivalents. Fike's notice of current knowledge of infringement should set forth, in brief, a generic comparison of BS&B's products with Fike's patents, explaining its theory as to how and

why such products infringe the '696 and '212 Patents.[1]  Therefore, the Court directs Fike to submit an amended notice of current knowledge of infringement no later than November 10, 2006.  The Court determines that there is no need for a telephone conference to resolve this issue.

**IT IS THEREFORE ORDERED** that the Motion for Expedited Telephone Conference Regarding Plaintiff's Deficient Notice or Current Knowledge of Infringement (Dkt. # 48) filed by BS&B Safety Systems, L.L.C. is **granted in part and denied in part**.  The Court denies the motion for an expedited telephone conference and grants BS&B's request for a more definite and certain notice.

**IT IS FURTHER ORDERED** that Fike submit an amended notice of current knowledge of infringement no later than **November 10, 2006**.

**DATED** this 2nd day of November, 2006.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1]  The Court does not imply that Fike must set forth case law or legal arguments with respect to literal infringement or infringement under the doctrine of equivalents.  Nor does the Court imply that this notice of current knowledge of infringement serves as Fike's only chance to set forth a detailed description of its claims.  On the contrary, after BS&B moves for summary judgment, as it indicates it plans to do, Fike will have a full opportunity to set forth in detail its factual and legal arguments.